## H. S. PERCIVAL & CO. v. E. V. GRANT.

**Husband and Wife—Signing Note.**
> Where a note was first signed by the husband and then by the wife, the presumption is that the wife signed as surety for the husband.

**Necessaries Sold to Wife.**
> If a married woman buys articles not necessaries for the family, but necessary to enable her to keep a hotel, such articles cannot be deemed necessaries within the meaning of the statute enabling married women to bind themselves for necessaries.

### APPEAL FROM BOONE CIRCUIT COURT.

December 6, 1876.

OPINION BY JUDGE LINDSAY:

The petition shows that the note was signed first by the husband and then by the wife. The presumption arising from this fact, if unexplained, would be that the wife signed as surety for the husband. But it is averred that the goods were sold, delivered and charged to the wife.

It is not alleged that the articles so sold and delivered were of themselves necessaries for the family of Mrs. Grant, but that they

were necessary to enable her to keep a hotel, and that the profits of the hotel business were necessary to enable her to support her family.

Such articles cannot be deemed necessaries within the meaning of the statute. If they could, then a married woman might engage in any other business or trade, as well as that of hotel keeping, and charge her general estate by the purchase of the necessary supply or stock therefor. It is contemplated by the law that the husband shall support his family, and the wife can only charge her general estate when the husband fails in his duty, and she finds it necessary to charge it, in order to procure food, nourishment and shelter for herself and family.

The husband at no time had title either in law or equity to the property described in the petition, nor to the consideration, or any part of the consideration, that passed from Mrs. Grant to her vendor.

The demurrer to the petition was properly sustained, and the judgment of dismissal is *affirmed*.

*R. D. Handy, H. L. Roberts, for appellants.*

*Stevenson & O'Hara, J. M. Collins, for appellee.*